## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER, JR., <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF et al., <br><br> Defendants. | Case No. 2:21-cv-01418-MWF (MAA) <br><br> **ORDER OF DISMISSAL** |

**I.      SUMMARY OF PROCEEDINGS**

On February 10, 2021, Plaintiff Floyd Eugene Bender ("Plaintiff"), a California state inmate proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983").  (ECF No. 1.)  On February 16, 2021, Plaintiff filed another Complaint, which was docketed as a First Amended Complaint ("FAC").  (FAC, ECF No. 5.)  On March 17, 2021, Plaintiff filed "Evidence and Exhibits to Complaint" ("Evidence and Exhibits") (ECF No. 12).  On March 22, 2021, the Court granted Plaintiff's amended Request to Proceed Without Prepayment of Filing Fees.  (ECF Nos. 11, 13.)  On March 31, 2021, Plaintiff submitted a notice of change of address to the Court, providing a non-prison address ("Notice").  (Notice, ECF No. 16.)

| | |
|---|---|
| 1 | On March 31, 2021, Plaintiff submitted a "Motion Granting Summary |
| 2 | Judgment and Declining Magistrate Judge Judicial." (ECF No. 17.) On April 2, |
| 3 | 2021, the Court noted Plaintiff's declination of consent to Magistrate Judge |
| 4 | jurisdiction and denied without prejudice Plaintiff's Motion for Summary Judgment |
| 5 | as procedurally premature. (ECF No. 18.) |
| 6 | On April 6, 2021, Plaintiff submitted a Motion to Grant Judgment for Failure |
| 7 | to Respond to Emergency Complaint (Acquiescence). (ECF No. 22.) As such |
| 8 | Motion should have been opened as a new habeas petition, it was stricken from the |
| 9 | docket on April 16, 2021. (ECF No. 23.) |
| 10 | On April 6, 2021, the Court issued a Memorandum Decision and Order |
| 11 | Dismissing First Amended Complaint with Leave to Amend ("Order"). (Order, |
| 12 | ECF No. 20.) The Court ordered Plaintiff to, no later **May 6, 2021**, either file a |
| 13 | Second Amended Complaint ("SAC") or advise the Court that Plaintiff does not |
| 14 | intend to pursue this lawsuit. (*Id*. at 1–2, 14.) The Court "**caution[ed] Plaintiff** |
| 15 | **that failure to timely file a SAC will result in a recommendation that this** |
| 16 | **action be dismissed for failure to prosecute and/or failure to comply with court** |
| 17 | **orders pursuant to Federal Rule of Civil Procedure 41(b)**." (*Id*. at 15.) The |
| 18 | Order was returned as undeliverable by the U.S. postal service on April 15, 2021. |
| 19 | (ECF No. 24.) |
| 20 | On May 7, 2021, in light of the returned mail addressed to Plaintiff (ECF |
| 21 | Nos. 24–27), the Court confirmed that the address on the docket did not match the |
| 22 | address on Plaintiff's Notice. (ECF No. 28.) The Court directed the clerk to |
| 23 | change Plaintiff's address on the docket and re-send the most recent filings, |
| 24 | including the Order, to Plaintiff's corrected address. (*Id*.) The Court sua sponte |
| 25 | extended Plaintiff's deadline to file a SAC to **June 7, 2021**. (*Id*.) |
| 26 | On July 9, 2021, in the absence of a filed SAC, the Court issued an Order to |
| 27 | Show Cause ("OSC-1"), ordering Plaintiff to show cause by **August 9, 2021** why |
| 28 | the Court should not recommend that the case be dismissed for want of prosecution |

and failure to comply with Court orders. (OSC-1, ECF No. 29.) The OSC-1 stated that if Plaintiff filed a SAC on or before that date, the OSC would be discharged. (*Id*. at 2.) The OSC-1 "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders. *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**" (*Id*.) On July 26, 2021, the OSC-1 was returned to the Court as undeliverable by the U.S. postal service, with "no such street" on the envelope. (ECF No. 30.)

On August 23, 2021, in light of the returned OSC-1 addressed to Plaintiff, the Court again reviewed the Notice and noted that it was written with a thick marker and was difficult to read. (ECF No. 31.) Based upon the Notice, Plaintiff's address was updated on the docket with a zip code of 90039. In consideration of the possibility that the zip code was misread, the Court searched the address on Google and found that the zip code for Plaintiff's new address is 90059. The Court directed the Clerk to change Plaintiff's zip code on the docket to 90059, and to send the recent orders, including the Order and OSC-1, to Plaintiff's corrected address. The Court again sua sponte extended Plaintiff's deadline to file a SAC to **September 22, 2021**. (*Id*.)

On October 14, 2021, in the absence of a filed SAC or response to OSC-1, the Court issued a second Order to Show Cause ("OSC-2"), ordering Plaintiff to show cause by **November 15, 2021** why the Court should not recommend that the case be dismissed for want of prosecution and failure to comply with Court orders. (OSC-2, ECF No. 32.) The OSC-2 stated that if Plaintiff filed a SAC on or before that date, the OSC would be discharged. (*Id*. at 2.) The OSC-2 "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders. *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**" (*Id*.)

///

To date, Plaintiff has failed to file a SAC or respond to the Order, OSC-1, or OSC-2. Indeed, Plaintiff has not communicated with the Court since April 6, 2021.

## II. LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

## III. ANALYSIS

### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to file a SAC, has failed to respond to the Order, OSC-1, or OSC-2, and otherwise has not participated in this lawsuit since April 6, 2021. The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what

///

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

period of delay can be endured before its docket becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiff continuously has refused to file a SAC or communicate with the Court, without explanation. As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court explicitly warned Plaintiff that failure to file SAC would result in a recommendation that the action be dismissed for failure to prosecute and/or failure to comply with Court orders pursuant to Federal Rule of Civil

Procedure 41(b). (Order, OSC-1, OSC-2.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiff's deadline to file a SAC four times from May 6, 2021 to June 7, 2021, then to August 9, 2021, then to September 22, 2021, and finally to November 15, 2021. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiff's failure to file a SAC or otherwise respond to the Order, OSC-1, or OSC-2. Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

### E. Dismissal Without Prejudice

In summary, Plaintiff's failure to file a SAC or otherwise respond to the Order, OSC-1, or OSC-2, and failure to otherwise participate in this lawsuit since April 6, 2021 constitute willful unreasonable delay. Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their

merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV. CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice. No further filings shall be accepted under this case number.

DATED: November 30, 2021   _____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

8